Scott R. Hatch, Bar No. 241563
shatch@calljensen.com
Joshua G. Simon, Bar No. 264714
jsimon@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000

Attorneys for Defendants, Össur Americas, Inc. and Össur hf

**UNITED STATES DISTRICT COURT**

**CENTRAL OF CALIFORNIA**

| | |
|---|---|
| WAYNE CALCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ÖSSUR AMERICAS, INC., a California corporation; Össur hf, an Icelandic company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-01971 CJC-KES<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Complaint Filed: October 26, 2022<br>Trial Date: April 9, 2024 |

Defendants Össur Americas, Inc. and Össur hf (collectively, "Össur" or Defendants") hereby answer the First Amended Complaint ("Complaint") of Plaintiff Wayne Calco ("Plaintiff") as follows:

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. Össur admits that this Court has subject matter jurisdiction over the claims.

2. Össur admits that Venue is proper in the Central District of California.

## ANSWER TO ALLEGATIONS REGARDING THE PARTIES

3. Össur admits that Plaintiff WAYNE CALCO is an individual.

4. Össur admits that Defendant ÖSSUR AMERICAS, INC. is a corporation organized under the laws of the State of California and has its headquarters and principal place of business headquartered in the County of Orange, State of California.

5. Össur admits that Defendant ÖSSUR hf is a company based in Iceland and that Defendant ÖSSUR AMERICAS, INC. is a subsidiary of ÖSSUR hf. Össur denies the remaining allegations in Paragraph 5.

6. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 6 and therefore denies them.

7. Össur denies the allegations in Paragraph 7.

## ANSWER TO ALLEGATIONS REGARDING BACKGROUND FACTS

### Answer To Allegations Regarding The Services Agreement

8. Össur admits that CALCO and ÖSSUR AMERICAS, INC. entered into a written agreement entitled the "Services Agreement" on or about October 29, 2015 ("the Agreement"), which Agreement speaks for itself. Össur admits that CALCO was retained and paid as an independent contractor for ÖSSUR pursuant to the Agreement,

which speaks for itself. Except as expressly admitted, Össur denies the remaining allegations of Paragraph 8.

**Answer To Allegations Regarding CALCO's Inventions**

9. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 9 and therefore denies them.

10. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 10 and therefore denies them.

**Answer To Allegations Regarding ÖSSUR's Miami J Select Adjustable Cervical Collar**

11. Össur states that its various marketing materials speak for themselves. Össur denies the remaining allegations in Paragraph 11.

**Answer To Allegations Regarding ÖSSUR's Patents and Patent Applications**

12. Össur admits that the '559 Patent issued on December 24, 2019, which '559 Patent speaks for itself. Össur denies the remaining allegations in Paragraph 12.

13. Össur admits that the '633 Patent issued on September 27, 2022, which '633 Patent speaks for itself. Össur denies the remaining allegations in Paragraph 13.

14. Össur admits that a patent issued on the allowed claims for the continuation application for the '559 Patent on October 25, 2022, US 11,478,374, the '374 Patent, which '374 Patent speaks for itself.

15. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 15 regarding CALCO's purported awareness and therefore denies them.

**Answer To Allegations Regarding Other Facts**

16. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 16 and therefore denies them.

CALL & JENSEN EST. 1981

17. Össur denies the allegations in Paragraph 17.

18. Össur denies the allegations in Paragraph 18.

19. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 19 and therefore denies them.

20. Össur denies the allegations in Paragraph 20.

21. Össur states that its various marketing materials speak for themselves. Össur denies the remaining allegations in Paragraph 21.

22. Össur admits that Plaintiff's counsel sent a letter to Össur's litigation counsel on August 19, 2022. Össur lacks a sufficient basis to form a belief as to the remaining allegations in Paragraph 12 and therefore denies them.

**Answer To Allegations Regarding The State Court Action**

23. Össur admits that the original complaint in the State Court Action was filed on May 24, 2021 and that on January 18, 2022, the state court entered a stipulated order staying the State Court Action pending the resolution of an action to be filed in the United States District Court for Plaintiff's claims. Össur denies the remaining allegations in Paragraph 23.

**ANSWER TO FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief – against All Defendants)**

24. Össur does not need to respond to Paragraph 24, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-23 herein.

25. Össur admits that it denies that (i) at least Claims 12 and 13 of the '374 Patent cover the Miami J Select. Össur admits that it denies that the Miami J Select is based on any concept that CALCO created prior to entering into the Agreement. Össur denies the remaining allegations of Paragraph 25.

CALL & JENSEN EST. 1981

26. Össur lacks a sufficient basis to form a belief as to the allegations in Paragraph 26 and therefore denies them.

**ANSWER TO SECOND CLAIM FOR RELIEF**

**(For Breach of Written Contract– against All Defendants)**

27. Össur does not need to respond to Paragraph 27, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-26 herein.

28. Össur denies the allegations in Paragraph 28.

29. Össur denies the allegations in Paragraph 29.

30. Össur denies the allegations in Paragraph 30.

**ANSWER TO THIRD CLAIM FOR RELIEF**

**(For Breach of Written Contract– against All Defendants)**

31. Össur does not need to respond to Paragraph 31, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-30 herein.

32. Össur states that the Agreement speaks for itself.

33. Össur states that California law and the Agreement speak for themselves. Össur denies the remaining allegations in Paragraph 33.

34. Össur denies the allegations in Paragraph 34.

35. Össur states that the Agreement speaks for itself. Össur denies the remaining allegations in Paragraph 35.

36. Össur states that the Agreement speaks for itself. Össur denies the remaining allegations in Paragraph 36.

37. Össur states that Patent law, California law, and the Agreement speak for themselves. Össur denies the remaining allegations in Paragraph 37.

38. Össur denies the allegations in Paragraph 38.

CALL & JENSEN EST. 1981

39. Össur denies the allegations in Paragraph 39.

40. Össur denies the allegations in Paragraph 40.

## ANSWER TO FOURTH CLAIM FOR RELIEF

**(For Breach of Written Contract– against All Defendants)**

41. Össur does not need to respond to Paragraph 41, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-40 herein.

42. Össur denies the allegations in Paragraph 42.

43. Össur denies the allegations in Paragraph 43.

## ANSWER TO FIFTH CLAIM FOR RELIEF

**(For Fraud – against All Defendants)**

44. Össur does not need to respond to Paragraph 44, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-43 herein.

45. Össur denies the allegations in Paragraph 45.

46. Össur denies the allegations in Paragraph 46.

47. Össur denies the allegations in Paragraph 47.

48. Össur denies the allegations in Paragraph 48.

49. Össur denies the allegations in Paragraph 49.

50. Össur denies the allegations in Paragraph 50.

## ANSWER TO SIXTH CLAIM FOR RELIEF

**(For Unjust Enrichment – against All Defendants)**

51. Össur does not need to respond to Paragraph 51, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-50 herein.

52. Össur denies the allegations in Paragraph 52.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**

**(For Correction of Patent to Add Unnamed Inventor – against All Defendants)**

53. Össur does not need to respond to Paragraph 53, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-52 herein.

54. Össur states that the ’633 Patent speaks for itself. Össur denies the remaining allegations in Paragraph 54.

55. Össur denies the allegations in Paragraph 55.

56. Össur states that the cited statute speaks for itself. Össur denies the remaining allegations in Paragraph 56.

57. Össur denies the allegations in Paragraph 57.

**ANSWER TO EIGHTH CLAIM FOR RELIEF**

**(For Determination of Invalidity of Patent – against All Defendants)**

58. Össur does not need to respond to Paragraph 58, but to the extent a response is required, it is denied, and Össur incorporates its responses to paragraphs 1-57 herein.

59. Össur denies the allegations in Paragraph 59.

60. Össur denies the allegations in Paragraph 60.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses based on the knowledge and information currently available to Defendants. Defendants will amend this Answer to allege any additional affirmative defenses that are supported by evidence later discovered through investigation and discovery.

CALL & JENSEN EST. 1981

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

1. As a separate and additional defense to the Complaint and to each purported cause of action against Defendants asserted therein, Defendants allege that the claims set forth in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Doctrine of Unclean Hands)**

2. The Complaint is barred, in whole or in part, by the doctrine of unclean hands given Plaintiff's own conduct.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Mitigation and/or Limitation of Damages)**

3. The Complaint is barred, in whole or in part, insofar as Plaintiff failed to mitigate his damages, if any.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Accord and Satisfaction)**

4. The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Plaintiffs' Breach/No Breach by Defendant)**

5. As a separate and additional defense to the Complaint and to the second, third, and fourth claims against Defendants asserted therein, Defendants allege that Plaintiff's claims are barred in whole or in part because Defendants did not breach the purported agreements, and/or that performance on the part of Defendants was excused,

CALL & JENSEN EST. 1981

expressly or impliedly by the acts or failures to acts of Plaintiff. If Plaintiff sustained any damages, such damages are the direct result of the acts of Plaintiff.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Adequate Consideration/Failure to Perform)**

6. As a separate and additional defense to the Complaint and to the second, third, and fourth claims against Defendants asserted therein, Defendants allege that Plaintiff's claims are barred in whole or in part because Plaintiff failed to provide Defendants with adequate consideration for the alleged obligations and agreements. Among other things, Plaintiff failed to perform his obligations under the asserted agreements. Accordingly, each such alleged obligation or agreement is unenforceable as a matter of law against Defendants.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Ratification/Acquiescence by Plaintiff)**

7. The Complaint is barred, in whole or in part, and/or recovery is limited or excluded because Plaintiff ratified, consented to, welcomed, and/or acquiesced in the acts upon which the Complaint is based.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Offset)**

8. The Complaint is barred, in whole or in part, because Defendants are entitled to offset any damages suffered by Plaintiff against sums owed by Plaintiff to Defendants as a result of the breaches of contract, torts, and other wrongful conduct by Plaintiff.

/ / /

/ / /

CALL & JENSEN EST. 1981

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Conditions)**

9. The Complaint is barred in whole or in part because, with respect to any contracts, obligations, or agreements that have been entered into, as alleged in the Complaint, Defendants have substantially performed any and all contractual obligations, and any duty or performance on behalf of Defendants is excused by Plaintiff's own actions, breaches, failure of conditions precedent, and/or the occurrence of a condition subsequent.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Adequate Remedies at Law)**

10. The Complaint is barred in whole or in part and to the first and sixth claims because Defendants cannot be liable in equity because even if Plaintiff were to prevail on his claims (which Defendants deny), Plaintiff would have adequate remedies at law.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

11. The Complaint is barred, in whole or in part, by the doctrines of waiver, acquiescence, equitable estoppel, and/or other equitable remedies.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Good Faith)**

12. The Complaint is barred, in whole or in part, because Defendants have at all times acted with innocent intent in that Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's purported rights or to cause damage to Plaintiff.

/ / /

CALL & JENSEN EST. 1981

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;
2. That Judgment be rendered in favor of Defendants against Plaintiff and that the Complaint be dismissed with prejudice;
3. That Defendants be awarded its costs of suit incurred in the defense of this action;
4. That Defendants be awarded their attorneys' fees of suit incurred in the defense of this action; and
5. For such other relief as the Court deems proper.

Dated: April 19, 2023

CALL & JENSEN
A Professional Corporation

By: */s/ Joshua G. Simon*
Joshua G. Simon

Attorneys for Defendants Össur Americas, Inc. and Össur hf

CALL & JENSEN EST 1981

**DEMAND FOR JURY TRIAL**

Defendants, Össur Americas, Inc. and Össur hf asserts its right to a trial by jury on all issues raised in the First Amended Complaint and in this Answer.

Dated: April 19, 2023

CALL & JENSEN
A Professional Corporation

By: */s/ Joshua G. Simon*
Joshua G. Simon

Attorneys for Defendants Össur Americas, Inc. and Össur hf

CALL & JENSEN EST. 1981